# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
JOHN DWORNIKOSKI and          *
DEBRA DWORNIKOSKI, parents of *
HANNA DWORNIKOSKI,            *
                              *      No. 13-412V
               Petitioners,   *      Special Master Christian J.
                              *      Moran
v.                            *
                              *
SECRETARY OF HEALTH           *      Filed: July 15, 2016
AND HUMAN SERVICES,           *
                              *
               Respondent.    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

John and Debra Dwornikoski, Columbia, NJ, pro se;
Lisa A. Watts, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

The Dwornikoskis filed a petition on behalf of their daughter, Hanna Dwornikoski, under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on June 20, 2013. Their petition alleged that their daughter suffered from a seizure disorder as a result of the Diphtheria-Tetanus-acellular-Pertussis ("DTAP"), haemophilus influenza ("Hib"), and Prevnar vaccinations she received on June 23, 2010. The information in the record, however, does not show entitlement to an award under the Program.

---

[1]      Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims's website, in accordance with the E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

       Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.    **Procedural History**

A detailed procedural history of this case can be found in the order to show cause, filed May 5, 2016.  In that order, the Dwornikoskis were instructed to show cause as to why this case should not be dismissed by July 5, 2016.  To date, the Dwornikoskis have not responded.

## II.    **Analysis**

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case.  Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Hanna Dwornikoski suffered a "Table Injury."  Thus, the Dwornikoskis are necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support.  Though a medical opinion has been offered, it is not persuasive.

The Dwornikoskis filed an expert report by Dr. Huq in August, 2014.  The report stated that Hanna's second DTaP/Hib and Prevnar vaccination may have caused her seizures through toxic, inflammatory or immune factors.  However, subsequent to Dr. Huq's report additional medical records for Hanna became available that showed Hanna has genetic mutations associated with infantile-onset

epileptic encephalopathy.  Subsequently, petitioners requested 45 days to submit a supplemental report from Dr. Huq.  A supplemental report from Dr. Huq, or any other expert, has never been filed.

Accordingly, it is clear from the record in this case that petitioners have failed to demonstrate that Hanna suffered a "Table Injury," that the DTaP/Hib and Prevnar vaccination "actually caused" Hanna's seizure disorder, or that the DTaP/Hib and Prevnar vaccination "significantly aggravated" her seizure disorder.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

IT IS SO ORDERED.

s/Christian J. Moran
Christian J. Moran
Special Master